IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO HERNANDEZ, | : | |
| Petitioner, | : | 1:19-cv-1799 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN E. BRADLEY, | : | |
| Respondent. | : | |

## **MEMORANDUM**

### **December 2, 2019**

Petitioner Pedro Hernandez ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on October 17, 2019, challenging his sentence entered in the United States District Court for the District of Montana on September 18, 2002. He moves (Doc. 4) to proceed *in forma pauperis*.

The Court has conducted preliminary review and, for the reasons set forth below, the motion (Doc. 4) to proceed *in forma pauperis* will be granted and the petition will be dismissed for lack of jurisdiction. *See* R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

---

[1] **Error! Main Document Only.**Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* R. Governing § 2254 Cases R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

## I. BACKGROUND

An order entered in the United States District Court for the District of Montana, denying Petitioner's first motion pursuant to 28 U.S.C. § 2255, contains the following background:

> Pedro Hernandez was a defendant in two cases. First, in CR 97–124–BLG–JDS, twelve defendants were charged in a 22–count indictment, including conspiracy, marijuana distribution, and money laundering charges. On December 7, 1998, a jury found Hernandez guilty on Counts 1 through 18. Next, in CR 98–120–BLG–JDS, Hernandez was charged with Money Laundering. On February 11, 1999 a jury found him guilty in that case.
>
> On June 16, 1999, Hernandez was sentenced to life imprisonment. The Ninth Circuit Court of Appeals affirmed Hernandez's conviction but vacated the sentence based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000).
>
> On September 18, 2002, Hernandez was re-sentenced with respect to CR 97–124 to a term of 120 months on Counts 1–8 with those counts to run consecutive to each other; and 240 months on counts 9–18 with all counts to run concurrently to each other and concurrent to counts 1–8 for a total of 960 months. (Transcript of Re-sentencing dated September 18, 2002, pp. 17, 18).
>
> On November 20, 2002, Hernandez was re-sentenced with respect to CR 98–120–BLG–JDS to a term of 240 months with three years of supervised release to run consecutively with the sentence imposed in CR 97–124–BLG–JDS.

*United States v. Hernandez*, No. CR 97-124-BLG-JDS-4, 2005 WL 8149266, at *1 (D. Mont. Dec. 12, 2005). On November 12, 2003, the United States Court of

2

Appeals for the Ninth Circuit affirmed the sentence. *United States v. Hernandez*, 81 F. App'x 171, 172 (9th Cir. 2003).

Petitioner filed his first 2255 motion on January 27, 2005, raising two *Blakely v. Washington*, 542 U.S. 296 (2004) sentencing claims and an ineffective assistance of counsel claim. *United States v. Hernandez*, No. CR 97-124-BLG-JDS-4, 2005 WL 8149266, at *1, 2 (D. Mont. Dec. 12, 2005). The district court denied the motion on December 12, 2005. *Id.* at *2. Petitioner moved for reconsideration or, in the alternative, a certificate of appealability. *See* https://ecf.mtd.uscourts.gov, *United States v. Hernandez*, Criminal No. 1:97-cr-0124-JDS, Docs. 631). The district court denied the motion. (*Id.* at Doc. 634). In 2008, he filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582 and U.S.S.G. § 4A1.2(a)(2); the district court denied the motion on June 12, 2008. (Id. at Docs. 643, 644). He filed an appeal and, on October 13, 2010, the Ninth Circuit denied his application for authorization to file a second or successive 2255 motion. (*Id.* at Doc. 687). On September 14, 2018, he filed a motion seeking to have the superseding indictment dismissed and the judgment vacated. (*Id.* at Doc. 701). The district court construed the motion as a motion pursuant to 2255 and transferred it to the Court of Appeals as Petitioner failed to seek authorization from the Ninth Circuit to file a second or successive 2255 motion. (*Id.* at 702). On May

23, 2019, the Ninth Circuit denied Petitioner authorization to proceed with a second 2255 motion. (*Id.* at 706).

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 on October 17, 2019, challenging the legality of his sentence. Specifically, he argues that his sentence is illegal in that "Counts 1 through 8 conflicts with USSG 3D1.2 because at the resentencing hearing on September 18, 2002, Judge Shanstrom recognized and conceded that Counts 1 through 8 qualify for grouping under USSG 3D1.2 but he erred when he imposed Counts 1 through 8 to run consecutive to each other at 120 months on each Count for a total sentence of 960 months which is 80 years confinement for Criminal Case Number 97-124." (Doc. 1, p. 3).

## II. DISCUSSION

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. The remedy is not "inadequate or ineffective" merely because

the sentencing court has previously denied relief. *See id*. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251.).

"Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [*United States v.*] *Tyler*, 732 F.3d [241] at 246 [(3d Cir. 2013)] (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).

Petitioner seeks to avoid the requirements of Section 2255 by arguing that he is challenging the execution of his sentence and therefore, his claim is properly pursued in a Section 2241 petition. As a general rule, attacks by federal convicts on the validity of the conviction and/or on the validity of the sentence, as imposed (in contrast to a challenge to the sentence as administered), are properly brought by a Section 2255 motion in the federal district court where the federal prisoner was convicted and sentenced. *In re Nwanze*, 242 F.3d 521, 523 (3d Cir. 2001) (stating "[O]rdinarily a petitioner should advance a challenge to a conviction and sentence through the means of a motion under section 2255 in the sentencing court."). Despite his contention to the contrary, Petitioner is challenging his sentence as imposed, not the execution of the sentence. His reliance on the *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 244 (3d Cir. 2005) case, which considered the propriety of filing a habeas petition pursuant to 28 U.S.C. § 2241, instead of a civil rights action, to challenge Federal Bureau of Prisons regulations governing end of sentence placement in Community Corrections Center, is misplaced. (Doc. 1, pp. 4, 8). And the caselaw he cites from other district courts and circuits clearly concerns execution of sentence matters such as sentence credit and sentence computation, not the imposition of sentences. (Doc. 1, pp. 2-4).

There is no indication that Petitioner is barred from challenging the legality of his sentence under 2255. He files the instant petition without having pursued the requested relief *via* 2255, despite being aware of the requirement to do so. Since his November 2002 resentencing, he has filed three motions pursuant to § 2255, all of which were denied. *United States v. Hernandez*, No. CR 97-124-BLG-JDS-4, 2005 WL 8149266, at *1 (D. Mont. Dec. 12, 2005); https://ecf.mtd.uscourts.gov, *United States v. Hernandez*, Criminal No. 1:97-cr-0124-JDS, Docs. 643, 644, 687, 701, 702, 706). None of the prior petitions addressed the issue raised here.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255, and Petitioner fails to demonstrate that he falls within the exception initially recognized in *Dorsainvil*, 119 F.3d 245 and reaffirmed in *Bruce*, 868 F.3d 170 (2017). If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1154, 1165 (3d Cir. 1971). Hence, it is appropriate to dismiss the petition for lack of jurisdiction.

## III. CONCLUSION

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A separate Order will enter.